*Vargas-Moya v. A. Duie Pyle, Inc. et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand twenty-four.

PRESENT:
>    **RICHARD C. WESLEY,**
>    **ALISON J. NATHAN,**
>    **SARAH A. L. MERRIAM,**
>        *Circuit Judges.*

_____

**Yeyson Manuel Vargas-Moya,**

>        *Plaintiff-Appellant,*

>    v.                                                        **23-661**

**A. Duie Pyle, Inc., Leszek Kedzierski,**

>        *Defendants-Appellees.*


_____

**FOR PLAINTIFF-APPELLANT:**                GENNARO SAVASTANO, Elefterakis, Elefterakis & Panek, New York, NY.

**FOR DEFENDANTS-APPELLLEES:**          CHRISTEN GIANNAROS, Mischel & Horn, P.C., New York, NY (Scott T. Horn, Mischel & Horn, P.C., New York, NY; Bella Pevzner, Sobel Pevzner, LLC, New York, NY; Curtis Sobel, Sobel Pevzner, LLC, Huntington, NY; on the brief).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gonzalez, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Yeyson Manuel Vargas-Moya appeals from the district court's denial of his motion to enter judgment as a matter of law under Federal Rule of Civil Procedure 50. We assume the parties' familiarity with the

underlying facts, procedural history, and issues on review, to which we refer only as necessary to explain our decision.

## I. Background

This case arises from an accident that took place near the intersection of Third Avenue and Third Street in Brooklyn, New York in June 2016. Plaintiff Vargas-Moya, a taxi driver, was driving a white Nissan Altima in the right northbound lane on Third Avenue, while Defendant Leszek Kedzierski was driving a tractor-trailer owned by his employer, Defendant A. Duie Pyle, Inc., in the left northbound lane. When Kedzierski merged onto the right lane, the two vehicles collided. Vargas-Moya brought a personal injury action against Kedzierski alleging negligent operation of the tractor-trailer. The parties offered differing accounts of the accident, and the jury ultimately entered a special verdict, finding that Kedzierski had not negligently operated his vehicle.

Before and after the verdict, Plaintiff moved for judgment as a matter of law pursuant to Rule 50. The district court denied the motion in both instances. With respect to the pre-verdict Rule 50(a) motion, the court explained that there existed "facts from which a jury can infer [that Kedzierski] took the necessary steps

3

before he initiated his move into the right lane." App'x at 449. And with respect to the post-verdict Rule 50(b) motion, the district court concluded that "under Rule 50 there was more than sufficient evidence to support the jury's verdict." *Id.* at 741.

On appeal, Plaintiff argues that the district court erred in failing to grant his motion for judgment as a matter of law. We disagree.

## II. Discussion

"We review a district court's ruling on a Rule 50 motion *de novo*, and apply the same standard used by the district court below." *Cobb v. Pozzi*, 363 F.3d 89, 101 (2d Cir. 2004). "To warrant post-verdict judgment as a matter of law, the movant must show that the evidence, when viewed most favorably to the non-movant, was insufficient to permit a reasonable juror to have found in the non-movant's favor." *Conte v. Emmons*, 895 F.3d 168, 171 (2d Cir. 2018). "The standard is a high one, met only in rare occasions." *Id.* (quotation marks omitted). The movant must show a "complete absence of evidence supporting the verdict [such] that the jury's findings could only have been the result of sheer surmise and

conjecture." *Luciano v. Olsten Corp.*, 110 F.3d 210, 214 (2d Cir. 1997) (quotation marks omitted).

We hold that Defendants presented sufficient evidence for a reasonable jury to reach a verdict in their favor. New York Vehicle and Traffic Law § 1128(a) provides that "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." Thus, liability depends on whether the defendant driver conformed to the standard of care by taking steps to ascertain, prior to merging lanes, that merger could be completed safely.

The jury could reasonably credit Kedzierski's testimony that he took the necessary steps to ascertain that he could merge lanes safely. Kedzierski testified that before merging, he slowed his vehicle to around 5-10 mph, activated his turn signal, and checked his right blind-spot and side mirrors for a safe opportunity to merge. Kedzierski also took note from his side mirrors that there was a white passenger vehicle in the right lane a significant distance away (approximately four to five car lengths behind him). Given the lack of evidence of other white

5

passenger vehicles in the vicinity, the inference is available that the vehicle Kedzierski observed at a distance was Vargas-Moya's white Nissan Altima. On this record, a reasonable jury could have determined that Kedzierski ascertained that he could merge onto the right lane safely, and that some intervening event (e.g., Vargas-Moya attempted to overtake Kedzierski) resulted in the accident.

\* \* \*

We have considered Plaintiff's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6